**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WORLD TRADE CENTER LOWER MANHATTAN DISASTER SITE LITIGATION | **21 MC 102 (AKH)** |
| | **CASE MANAGEMENT ORDER No. 4** |
| THIS DOCUMENT APPLIES TO ALL IN RE WORLD TRADE CENTER LOWER MANHATTAN DISASTER SITE LITIGATION, 21 MC 102 (AKH) | |

**ALVIN K. HELLERSTEIN, U.S.D.J.:**

## MASTER PLEADINGS

As set forth in Case Management Order No. 3 ("CMO 3") entered in the above-captioned consolidated litigation, Plaintiffs' Liaison Counsel in conjunction with Defendants' Co-Liaison Counsel have developed Master Pleadings to promote efficiency in this consolidated litigation. This Order governs the use of Master Pleadings in 21-MC-102 and adopts the Master Complaint (attached as Appendix A) and Complaint by Adoption ("Check-Off Complaint") (attached as Appendix B) for use in same. The attached Master Complaint and Check-Off Complaint were previously filed with this Court on June 14, 2007 pursuant to this Court's June 4, 2007 Order.

**IT IS HEREBY ORDERED THAT:**

**A.    Master Complaint**

1.    Plaintiffs' Master Complaint is filed as part of this Order under docket number 21-MC-102. The Master Complaint contains allegations that may be suitable for incorporation by reference in individual cases. The Master Complaint shall apply to all cases filed before or after the entry of this Order.

**B.**     **Check-Off Complaint General Requirements**

1.     Plaintiffs' format for the Check-Off Complaint is filed as part of this Order under docket number 21-MC-102.  The Check-Off Complaint contains allegations that may be suitable for individual cases.  The Check-Off Complaint shall be used in all cases filed before or after entry of this Order and shall be utilized as the format for all actions to be filed by all Plaintiffs.

2.     Plaintiffs shall incorporate by reference any or all of the causes of action in the Master Complaint by listing them in a Check-Off Complaint substantially in the form attached hereto as Appendix B.

3.     Every Plaintiff commencing an action after the entry of this Order shall do so by the filing of a Check-Off Complaint.  Long-form complaints (i.e., Complaints that do not follow the form of the Check-Off Complaint) will not be accepted by this Court in new cases filed after the entry of this Order.

4.     Multiple unrelated Plaintiffs may not appear in the same Check-Off Complaint.

5.     No Defendant shall be named in a Check-Off Complaint who is not named in a Master Complaint.

6     Each and every part of the Check-Off Complaint that applies to a particular Plaintiff's claim must be completely filled out or checked as indicated and as appropriate to that individual case.

7.     Each Plaintiff's Check-Off Complaint shall be served, together with an appropriate Summons, where required, on each named Defendant in accordance with the Federal Rules of Civil Procedure and with any provisions for Service of Process contained in this Order or any subsequent Case Management Order in this case.

8.     Counsel for any Plaintiff filing a Check-Off Complaint must sign said notice as required by Fed. R. Civ. P. 11.

9.      The Clerk of the Court is hereby advised that, where an individual Check-Off Complaint is filed bearing the 21-MC 102 (AKH) master calendar caption and docket number, the Clerk shall cross-reference that pleading with the Master Complaint in 21 MC 102 (AKH) in any and all docket reference or retrieval systems maintained by the Clerk.

10.      Counsel for Defendants shall inform Plaintiffs' Liaison Counsel on an ongoing basis of the names of the Defendants for whom they have been authorized to accept service of the Check-Off Complaint.   Counsel for Defendants are directed that such notification shall include name of the defense counsel, address, telephone number, fax number, e-mail address, and the identity of their client(s).

11.      Nothing in this Order (including provisions relating to the acceptance of service of Check-Off Complaints) shall be deemed to relieve a Plaintiff or Plaintiffs from the requirements under the Federal Rules of Civil Procedure and under the United States Constitution that jurisdiction over a particular Defendant in a particular action must be effected by service of process an appropriate Summons on that Defendant by that Plaintiff.  However, in light of the volume of Plaintiffs and Defendants, the parties are encouraged to discuss and agree to alternative arrangements for service of such process so as to render the effectuation of such service both efficient and economical for the parties.

12.      The terms of this Case Management Order apply to all Check-Off Complaints filed pursuant to the Court's June 4, 2007 Order and March 21, 2007 Case Management Order No. 3.

13.      Nothing in this Order shall be construed as a concession or agreement by Defendants that any changes, modifications, additions or amendments (including but not limited to the addition of allegations, claims, causes of action, named Defendants, or injuries) to the

Master Complaint or a particular Plaintiff's Check-Off Complaint satisfy the applicable statute of limitations or "relate back" under FRCP 15 to any prior–filed Complaints (long-form Complaints or otherwise) for purposes of satisfying the applicable statute of limitations.

**C.    Check-Off Complaint for Actions Already Commenced Prior to the Entry of This Order**

1.    The law firm of Worby Groner Edelman & Napoli Bern LLP filed 631 Check-Off Complaints prior to the entry of this Order, utilizing a form of Check-Off Complaint that differs from the form that is attached here as Appendix B.  The Court defers ruling if those 631 Check-Off Complaints will have to be re-filed in conformance with the form attached as Appendix B until the end of Rule 12 motions practice.  All other complaints in this matter, 21-MC-102, must conform to the approved form.

2.    This Check-Off Complaint shall supersede any and all prior-filed Complaints in that Plaintiff's action.  Leave to file Check-Off Complaints to replace prior-filed Complaints in the manner set forth above is hereby granted without the necessity of filing a motion for such relief and the Clerk of the Court is hereby so advised.  Each new filing shall be made available to the Clerk of Court by CD-ROM containing a searchable PDF of the amended Check-Off Complaint or Check-Off Complaints filed that day.  If the amended Check-Off Complaint drops or adds defendants, the plaintiff shall provide the Clerk of Court with a list of defendants in the complaint, defendants added, and defendants dropped.

3.    For counsel that have agreed to accept service of Check-Off Complaints on behalf of certain Defendants, service shall be complete upon Plaintiffs' delivery of a CD or set of CDs containing searchable adobe acrobat PDF format copies of the Check-Off Complaints to such defense Counsel, provided that Plaintiffs include a list notifying that defendant of the specific

4

actions in which plaintiffs have named it. Plaintiffs will create separate PDF files for each Check-Off Complaint.

**D.     Check-Off Complaint for Actions Already Commenced Prior to the Entry of This Order and for which Plaintiff is Adding Defendants Not Previously Named as Defendants in Any Prior Pleading**

1.     A Plaintiff in an action already commenced prior to entry of this Order who seeks to add Defendants to the Check-Off Complaint that were not named in that Plaintiff's prior-filed Complaint must comply with the requirements under the Federal Rules of Civil Procedure and under the United States Constitution that jurisdiction over a particular Defendant in a particular action must be effected by service of process of an appropriate Amended Summons and individual Check-Off Complaint on that Defendant by that Plaintiff.

2.     The above-referenced Amended Summons must be filed with the Check-Off Complaint naming those additional Defendants. The Amended Summons and the Check-Off Complaint must be served on those newly added Defendants in accordance with the Federal Rules of Civil Procedure or as otherwise required by this Order and any Case Management Orders entered subsequent to this Order.

3.     Leave is hereby granted for the addition of those newly named Defendants in the Amended Summons and in that Plaintiff's Check-Off Complaint, provided that such Defendants are named in the Master Complaint (attached as Appendix A) and form of Check-Off Complaint (attached as Appendix B).

4.     Where a Plaintiff in an action already commenced prior to entry of this Order seeks to add Defendants to the Check-Off Complaint that were not named in that Plaintiff's prior-filed Complaint but who are named in the Master Complaint, the caption shall indicate "Adding New Defendants not Previously Served."

5.    Nothing in this section shall be construed as a concession or agreement by Defendants that a particular Plaintiff's addition of new Defendants to his/her Check-Off Complaint satisfies the applicable statute of limitations or "relates back" under FRCP 15 to that Plaintiff's prior-filed Complaint for purposes of satisfying the applicable statute of limitations.

**E.    Check-Off Complaint for Actions Already Commenced Prior to the Entry of this Order and for a Plaintiff That Has Commenced Multiple Actions**

1.    In those instances where a Plaintiff has commenced multiple actions (i.e., rather than amending an existing action to add additional Defendants, Plaintiff commenced a separate action with the additional Defendants), those actions are hereby consolidated under the first obtained civil action number.  Plaintiff shall then file a single Check-Off Complaint that indicates on the face of the Check-Off Complaint the earliest civil action number and in parenthesis indicate the following: "This Check-Off Complaint incorporates the allegations of the following civil action numbers: xx, xxx, etc."

2.    Consolidation is hereby ordered as to Check-Off Complaints filed pursuant to the Court's June 4, 2007 Order and March 21, 2007 Case Management Order No. 3, and the Clerk of the Court is so advised.  Leave is hereby granting for filing a Check-Off Complaint under the earliest civil action number, as indicated above.

3.    Nothing in this section shall be construed as a concession or agreement by Defendants that the consolidation of these multiple actions into a single Check-Off Complaint satisfies the applicable statute of limitations for a particular claim or allows subsequently filed pleadings to "relate back" under FRCP 15 to the first obtained civil action number for purposes of satisfying the applicable statute of limitations.

**F.      Check-Off Complaint for Actions Commenced Subsequent to the Entry of this Order**

1.      Every Plaintiff commencing an action after the entry of this Order shall do so by the filing of a Summons and Check-Off Complaint in accordance with the Federal Rules of Civil Procedure or as otherwise required by the terms of this Order or subsequent Case Management Orders entered in 21-MC-102.

2.      Plaintiffs shall obtain jurisdiction by service of process of a valid Summons and the appropriate individual Check-Off Complaint in accordance with the Federal Rules of Civil Procedure and with any provisions for service of process contained in this Order or any subsequent Case Management Order in 21-MC-102.

3.      Except as otherwise provided for herein, with respect to Defendants for whom their Counsel have not previously accepted service of process, Plaintiffs and Defendants must continue to comply with the Federal Rules of Civil Procedure, this Court's local rules, and any procedures particular to this litigation.  Defendants upon whom service of process has previously been accepted by counsel, or for whom service was done in a manner negotiated with Plaintiffs' Liaison Counsel will continue to receive service of process in the manner previously established.

**G.      Amendments to the Master Complaint and Complaint by Check-Off Complaint**

1.      Should Plaintiffs wish to amend or modify the Master Complaint or the "form" of the Check-Off Complaint (including, but not limited to, adding additional allegations relating to the "cause" of their injury, causes of action, types of injuries, types of compensable damages, Defendants, buildings, and locations), the following procedure must be followed:

a.      Plaintiffs' Liaison Counsel shall provide a "draft" of the proposed Amended Master Complaint and/or proposed Amended form of Check-Off Complaint to Defendants' Co-Liaison Counsel with a cover letter setting forth (with specific references) the

additional information that is proposed to be included in the Amended Master Complaint and/or proposed Amended form of Check-Off Complaint.  Defendants' Co-Liaison Counsel shall timely circulate said submission to the Defense Counsel E-mail List.

b.    Any objections by defense counsel to the "draft" of the proposed Amended Master Complaint and/or proposed Amended form of Check-Off Complaint shall be made within ten (10) business days of receipt of such notification by Defendant.  Said objections shall be communicated to Defendants' Co-Liaison Counsel and Plaintiffs' Liaison Counsel.

c.    Upon the completion of the above notifications, the parties shall attempt to resolve all objections.

d.    If objections cannot be resolved by mutual agreement, leave to file an Amended Master Complaint and/or proposed Amended form of Check-Off Complaint shall be sought from the Court under the Federal Rules of Civil Procedure and Defendants shall have a right to oppose such a request.

e.    If no objections are received within the above time periods, and/or objections received have been resolved, Liaison Counsel shall prepare for joint submission to the Court a proposed Case Management Order, proposed form of Amended Check-Off Complaint and, where appropriate, a proposed Amended Master Complaint incorporating the "new" information (including, but not limited to, adding additional allegations relating to the "cause" of Plaintiff's injury, causes of action, types of injuries, types of compensable damages, Defendants, buildings, and locations).

f.    If the Court grants leave to file the Amended Master Complaint and/or proposed Amended form of Check-Off Complaint or accepts Liaison Counsel's joint submission concerning the proposed Amended Master Complaint and/or proposed Amended form of Check-

Off Complaint, the Court will enter an Order enabling the filing of the Amended Master Complaint and/or proposed Amended form of Check-Off Complaint and directing that every Plaintiff commencing an action after entry of such Order shall do so by using the Amended Master Complaint and/or proposed Amended form of Check-Off Complaint.

g.    An Amended Master Complaint and Amended form of Check-Off Complaint shall be referenced as such on its cover page.  This reference shall take the form of a notation setting forth the sequence of such submissions and the date that such amendment was accepted by the Court for filing (e.g., "First Amended Complaint by Adoption (September x, 2007)").

h.    The original paragraph numbers of the originally filed Master Complaint and the originally filed form of Check-Off Complaint shall be maintained for consistency.  Any amended paragraphs and or additional paragraphs in either shall reference the date that the Court entered an Order accepting the proposed Amended Master Complaint and/or proposed Amended form of Check-Off Complaint (e.g., "*amended paragraph* 44 (September x, 2007)").  Any additional paragraphs shall, where inserted, bear the immediately preceding paragraph number, followed by a hyphen and a letter designation and date (e.g., "*additional paragraph* 44-a (September x, 2007)").

**H.    Filing of an Initiating Complaint**

1.    Notwithstanding the above-noted requirement that every Plaintiff commencing an action shall do so by the filing of a Check-Off Complaint, Plaintiffs may file an appropriate Summons and "Initiating Complaint" in this Court that does not contain the specificity required by this CMO and other Orders of this Court, provided that:

a.    Plaintiffs use the form of Initiating Complaint appended to this Order as Appendix C;

      b.     Plaintiffs file a completed Check-Off Complaint which meets the requirements of this Order and any other applicable Orders of this Court within thirty (30) days of the filing of the Initiating Complaint under the same civil action number in which the Initiating Complaint was filed; and

      c.     Plaintiffs follow all other applicable Rules and Orders governing the filing of initial pleadings in this Court.

Failure to comply with these procedures shall result in the dismissal of the Initiating Complaint.

     2.     The Clerk of the Court shall accept an Initiating Complaint as he would accept any other initial pleading. Subsequent to this Initiating Complaint, Plaintiffs must file and serve a Check-Off Complaint, and within the time required by the terms of this Order.  In accordance with the procedure heretofore ordered, Plaintiffs will not file Summonses with Notice in New York Supreme Court.

## I.     Responding to the Master Complaint

     1.     Except as the Court may otherwise establish by separate motion schedule, each Defendant or group of Defendants shall answer, move or otherwise respond to the Master Complaint by **August 3, 2007**.  Defendants are granted leave to file motions, through liaison counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## J.     Filing and Service of "Notice of Adoption of Answer to Master Complaint"

     1.     Upon proper service on a given Defendant (in a manner permitted by the Federal Rules of Civil Procedure or as otherwise provided in this Order or subsequent Orders) of a Check-Off Complaint in a specific action, that Defendant, intending to answer the Check-Off Complaint, shall thereafter serve and file a "Notice of Adoption of Answer to Master Complaint" in the specific case in which the Check-Off Complaint was served upon it.  Such Notice of Adoption of Answer to Master Complaint shall adopt the Answer to Master Complaint served by that Defendant in this litigation as its answer in the specific case in which that Notice of Adoption of Answer to Master Complaint is filed and shall be deemed to deny the allegations of

the Check-Off Complaint in that case. Such Notice of Adoption of Answer to Master Complaint shall be captioned in that specific case and shall be filed under the individual case number for that specific case. Automatic ECF notice of such filing shall be provided only to the filing party and to Plaintiffs' Liaison Counsel and to Defendants' Co-Liaison Counsel so that all other parties are not deluged with ECF notices of these potentially numerous filings. Any party not receiving such notice can request to receive such notice from the Court and, upon such request, shall be so provided.

2.       When filing a Notice of Adoption of Answer to Master Complaint, a Defendant need not comply with Fed. R. Civ. P. 7.1 if that Defendant has previously filed a Rule 7.1 Statement in the 21 MC 102 litigation.

3.       Plaintiffs shall not serve a Check-Off Complaint using the docket number of a multiple-Plaintiff action (i.e., an action in which there is more than one Plaintiff and in which the claims of the other Plaintiffs are not derivative of the claims of the Plaintiff alleged to have suffered a respiratory injury). To the extent that Defendants have been previously served with a Check-Off Complaint of this kind, Defendants are not required to respond to any such Check-Off Complaint unless and until a Plaintiff-specific Check-Off Complaint is served upon Defendants bearing a unique Civil Action No. for each Plaintiff, except for the first named Plaintiff in each multiple Plaintiff case who may continue to use that civil action number.

4.       Defendants shall serve and file their Notice of Adoption of Answer to Master Complaint within forty-five (45) days of the filing of their Answer to Master Complaint. No Plaintiff shall seek entry of a default against any Defendant for failure to serve a Notice of Adoption of Answer to Master Complaint or responsive motion (a) unless and until ninety (90) days have passed from the service of the Master Complaint upon that Defendant or from the

11

service of the specific Check-Off Complaint upon that Defendant, whichever is later, and (b) unless and until Plaintiff has contacted that Defendant in writing to demand service of a Notice of Adoption of Answer to Master Complaint in a specific case and twenty (20) days have passed from that written demand without that Defendant having responded to Plaintiff's demand. Compliance with the procedures in this paragraph shall not prejudice the Plaintiffs' interests, including any claimed failure to timely move for default judgment pursuant to the Federal Rules of Civil Procedure.

5.    Each Defendant's Answer to Master Complaint and Notice of Adoption of Answer to Master Complaint filed in response to a Master Complaint and Check-Off Complaint shall supersede any previously filed Answers in this matter.

6.    Defendants' Answers to Master Complaint and Notices of Adoption of Answer to Master Complaint filed in response to an Amended Master Complaint and Amended Check-Off Complaint shall supersede any previously filed Answers in the matter.

**K.    Other Matters**

1.    The entry of this Order does not constitute a finding by the Court or an agreement by the parties, as to the truth, validity, sufficiency or availability of any fact, cause of action, claim for relief, affirmative defense or any other matter stated in the Master Complaint and Check-Off Complaint.

2.    Plaintiffs' and Defendants' Liaison Counsel are hereby directed to provide a copy of this Order to all counsel who have appeared in these actions for Plaintiffs and Defendants, respectively.

3.    The Court, having considered the parties' joint letter dated June 13, 2007 concerning motions practice and discovery proceedings, rules as follows:

        a.      Discovery is not stayed, and may commence at any time consistent with the Federal Rules of Civil Procedure.

        b.      The Court declines to appoint a Special Master at this time.

**SO ORDERED**.

Dated:      June **25**, 2007
         New York, New York

                         ALVIN K. HELLERSTEIN
                         United States District Judge

13